UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JERRELL R. JOHNSON**, *Administrator of*
*The Estate of Kirill Denyakin, Deceased*

    **Plaintiff**,

v.                                                                    Civil Action No. 2:11cv415

**STEPHEN D. RANKIN,**

    **Defendant.**

## MEMORANDUM ORDER

THIS DAY came the parties on separate motions to file certain documents included with the briefing on the Defendant's motion for summary judgment under seal pursuant to Local Civil Rule 5. (ECF Nos. 46 and 50). After reviewing the motions, the Court GRANTS both motions and makes the following findings:

1. On December 27, 2011, the Defendant, Stephen D. Rankin (hereafter "Defendant"), by counsel, filed a motion and accompanying memorandum for summary judgment in this case. The Plaintiff, Jerrell R. Johnson, Administrator of the Estate of Kirill Denyakin, deceased (hereafter "Plaintiff'), by counsel, electronically filed his memorandum in opposition to the Defendant's motion for summary judgment on January 13, 2012 (ECF Document #: 45). The Defendant filed a reply memorandum on January 19, 2012.

1

2. The Plaintiff submitted 19 separate exhibits along with his memorandum in opposition to summary judgment. Two (2) of those exhibits, however, were not filed electronically because they were produced subject to a protective order. The Defendant's reply included 14 exhibits, one of which is also submitted for filing under seal. In addition, the Defendant sought to seal two pages of his reply memorandum.

3. The items which the parties seek to have placed "under seal" are as follows: Exhibit 4 to Plaintiff's memorandum in opposition to summary judgment consists of a summary of Defendant Rankin's May 17, 2011, statement to Virginia State Police (VSP) Special Agent Keenan Hook. Exhibit 9 to Plaintiff's memorandum in opposition to summary judgment consists of Certificate of Analysis, FS Lab # T11-3396, dated May 26, 2011, which was prepared by forensic scientist Allison Milam and issued by the Virginia Department of Forensic Science in connection with the investigation into the shooting of Plaintiff's decedent, Kirill Denyakin, on April 23, 2011. Exhibit 1 to the Defendant's reply consists of a transcript and exhibits of the deposition of the VSP Agent Hook. The Defendant also seeks to seal portions of his brief relating to Agent Hook's deposition.

4. Before a court can seal any item from public view, the court must weigh the competing interests "in accord with the

2

procedures mandated by *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984)." *Stone v. University, MD. Medical System Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). Under *Knight,* a court must first give the public notice of a request to seal and a reasonable opportunity to challenge it. *Id.* at 235. While individual notice is unwarranted, the court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* The court must consider less drastic alternatives to sealing and, if it decides to seal documents, must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." Id.

5. As this Court has previously recognized in the context of ongoing investigations, "law enforcement agencies must be able to investigate crime without the details of the investigation being released to the public in a manner that compromises the investigation." *In Re: § 2703(D)*, 787 F. Supp.2d 430,442 (E.D. Va. 2011) (quoting *Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 574 (4th Cir. 2004). The public has no general right of access to documents related to an ongoing investigation. See *In Re: § 2703(D)*, 787 F. Supp.2d at 442. Cf. *In the Matter of Application and Affidavit for a Search*

*Warrant*, 923 F.2d 324, 326 (4th Cir. 1991) (affirming decision to unseal affidavit only after investigation had concluded).

6. Exhibits 4 and 9 to the Plaintiff's memorandum in opposition to summary judgment were obtained in discovery only after this Court first issued a protective order making the items confidential. The Court followed this procedure because the items were part of the VSP's ongoing criminal investigation into the shooting death of Kirill Denyakin, conducted by Agent Hook. Based on the representations made to this Court, the VSP's criminal investigation into the shooting death of Mr. Denyakin is still ongoing.

Although the Court granted the Plaintiff access to these documents in discovery because they contained Officer Rankin's recent statement (Exhibit 4 to Plaintiff's Memo. in Opposition to SJ) and scientific analysis/data related to recovered evidence (Exhibit 9 to Plaintiff's Memo. in Opposition to SJ). In addition, Agent Hook's deposition reveals additional details about the investigation and his impressions as the lead investigator. The Court remains concerned about the sensitive nature of the items in light of the ongoing nature of the VSP's investigation.

7. Notice of the Plaintiff's motion to seal has been provided to the public, and there has been a reasonable opportunity for interested parties to challenge the Plaintiff's

4

motion. No party has appeared or objected to either sealing request.

8. In regards to alternatives to sealing, the Court finds that there are no reasonable alternatives in light of the fact that the investigation into the April 23, 2011, shooting of Kirill Denyakin is continuing. In addition, the redacted and unredacted memoranda, as well as the numerous unsealed exhibits adequately inform the public of the nature of the controversy and the basis for the court action requested.

9. For the foregoing reasons, the Court ORDERS that Exhibits 4 and 9 to the Plaintiff's memorandum in opposition to the Defendant's motion for summary judgment and Exhibit 1 to the Defendant's reply be marked confidential and remain "under seal" with this Court. In addition, the sealed version of Defendant's reply may remain sealed as the modestly redacted public version (ECF No. 53) is adequate to inform the public of the issues presented.

/s/
Douglas E. Miller
United States Magistrate Judge
_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

February 6, 2012