UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JERRELL R. JOHNSON,
ADMINISTRATOR of the ESTATE of
KIRILL DENYAKIN, DECEASED,

          Plaintiff,        CASE NO.: 2:11-cv-0415

v.

STEPHEN D. RANKIN,

          Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on the Defendant's motion that certain documents filed as part of the Defendant's Memorandum in Opposition to Plaintiff's First Motion in Limine be marked confidential and placed "under seal" with this Court pursuant to Local Civil Rule 5. In accordance with the Defendant's motion, the Court makes the following findings:

1.    On February 8, 2012, the Defendant electronically filed a Memorandum in Opposition to Plaintiff's First Motion in Limine with exhibits.

2.    Exhibit 6 to the Memorandum in Opposition was not electronically filed because it includes statements provided by Portsmouth Police Officers to the Virginia State Police ("VSP") Chief Investigator who is conducting the on-going investigation of the shooting incident involving Denyakin. The statements relate to the February 21, 2011, prior arrest incident involving Denyakin. The statements were produced by the VSP subject to the protective order issued by Magistrate Judge Douglas Miller on November 7,

2011. Paragraph 2 of the protective order requires a party submitting the documents for filing to seek to have them placed under seal pursuant to Local Rule 5.

3. Before a court can seal any item from public view, the court must weigh the competing interests "in accordance with the procedures mandated by *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984)." *Stone v. University, MD. Medical System Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). Under *Knight*, a court must first give the public notice of a request so seal and a reasonable opportunity to challenge it. *Id.* at 235. While individual notice is unwarranted, the court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* The court must consider less drastic alternatives to sealing and, if it decides to seal documents, must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

4. As this Court previously recognized in the context of ongoing investigations, "law enforcement agencies must be able to investigate crime without the details of the investigation being released to the public in a manner that compromises the investigation." *In Re: §2703(D)*, 787 F. Supp.2d 430, 442 (E.D. Va. 2011) (quoting *Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 574 (4th Cir. 2004). The public has no general right of access to documents related to an ongoing investigation. *See In Re: §2703(D)*, 787 F. Supp.2d at 442. *Cf. in the Matter of Application and Affidavit for a Search Warrant*, 923, F.2d 324, 326 (4th Cir. 1991) (affirming decision to unseal affidavit only after investigation had concluded).

5. The statements in Exhibit 6 to Officer Rankin's Memorandum in Opposition to Plaintiff's Fist Motion in Limine were obtained only after the Court entered a protective order making the statements confidential. The Court followed this procedure because the items were part of the VSP's ongoing criminal investigation into this matter. Based on representations made to this Court, the VSP's criminal investigation into the shooting incident is ongoing, and there has been no decision regarding possible criminal charges against the Defendant. Since the VSP's investigation is continuing, and in accordance with the Court's ruling in the *§2703(D)* case, there is no general public right of access to these documents.

6. Notice of the Defendant's motion to seal has been provided to the public, and there has been a reasonable opportunity for interested parties to challenge the Defendant's motion.

7. With regard to alternatives to sealing, the Court finds that there are no reasonable alternatives in light of the fact that the VSP's criminal investigation into the April 23, 2011, shooting incident is continuing.

8. For the foregoing reasons, the Court ORDERS that Exhibit 6 to the Defendant's Memorandum in Opposition to Plaintiff's First Motion in Limine shall be marked confidential, and placed "under seal" with this Court.

9. The Court recognizes that at some point, the VSP will likely conclude its investigation. However, once the litigation in the instant civil case has been finalized, including any potential appeals, the Clerk's office shall return the documents to the Defendant rather than unsealing the items. Once returned to the Defendant, pursuant to

paragraph four (4) of this Court's November 7, 2011, protective order, the Defendant is under a duty to destroy the documents or return them to VSP.

ENTERED: MAR - 2 2012

/s/
Tommy E. Miller
United States Magistrate Judge
United States District Judge

4